Mr. Chief Justice Marshall
delivered the opinion of the Court.
This is a writ of error, to a decree pronounced in the Court of the last resort, in the state of Mississippi, directing the. plaintiffs in error, to convey to the defendants, a certain tract of land,-in the said proceedings mentioned. The plaintiffs in error allege, that their title Was secured by the compact entered into between the United States and Georgia, for the ces *98 sion of the country in which the land lies; and that this decree is in violation of that compact. The defendants insist, that the compact between the United States and Georgia, was not called into question;.and that the 25th section of the judiciaL.act, does not give this Court jurisdiction of the case.
In the-construction of that section, the Court has never required that tfietreaty, or Act of Congress, under which the party claims, who brings the final judgment of a state Court into review before this Court, should have been pleaded specially, or spread on the record. But it has always been deemed essential to the exercise of jurisdiction in such a case, that the record should show a complete title under the treaty or Act of Congress, and that the judgment of the Court is in violation of that treaty or Act. The condition in the Cession Act, on which the plaintiffs in error rely, is in these words: — “ That- all persons, who, on the 27th dáy of October 1795, were actual settlers within the territory thus ceded, shall be confirmed in all the grants, legally and- fully executed prior to that day, by the former British government of-West Florida,-or by the government of Spain; ”
The plaintiffs produce- a grant, legally and fully executed; but -to bring the case under the treaty, they must also prove, that the ancestor or person tinder whom they claim, was an actual settler, on'the 27th October 1795. The answer asserts, that the warrant of survey issued on the 7th day of February 1793, and the survey made on the 20th July, in the same'year, when possession was taken; and that the patent issued cn the 3d April 1794. James Williams deposes, that about the 3d December 1795, he took possession’of the tract of land in dispute, as overseer for James Mather-the- patentee, and understood from him, that he had gone to Natchez some time before, to apply for land in the- part of the country vyhere the tract in controversy lies. This is the testimony furnished by the record, to prove that James Mather, the grantee, was an actual settler, according to the requisition of the Cession Act of Georgia. ■ In Henderson vs. Poindexter, 12 Wheat. 530, the term “ actual settler,” seems to have been understood as synonymous with the resident of the country, That ease, however, did not require that the precise meaning of the term should be fixed, and the Court is disposed to think, that a settlement made on the land by another person, who cultivated it. for the proprietor, would be sufficient; though the proprietor should not reside in person on the estate, or within the territory. Had the settlement proved by Williams, been made at the day required by the Cession Act, it would, we think, have satisfied the requisition of that Act, and entitled the-plaintiffs in error to.the be-nefit of the condition. But it was not made until the 3d of De- *99 «ember 1795. We think then, that the plaintiffs in error have failed to prove, that the person under whom they claim, was an actual settler on the 27th day of October 1795; and that the Court has no jurisdiction of the cause.
The writ of error dismissed, it not appearing: that this Court has jurisdiction of the cause.